RECEIVED
2017 JUL -6
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANIEL WEBSTER WILBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:17-CV-430-WKW-SRW |
| ) | |
| COUNTY OF LEE, ALABAMA; ) | |
| LEE COUNTY SHERIFF'S ) | |
| DEPARTMENT; ) | |
| LEE COUNTY SHERIFF JAY M. ) | |
| JONES; ) | |
| SERGEANT DAVID C. MAYO, in his ) | |
| Official and Individual Capacity; ) | |
| DEPUTY TERRANCE MOORE, in his ) | |
| Official and Individual Capacity; ) | |
| | |
| Defendants. | |

## COMPLAINT

### NATURE OF THE ACTION

1. Daniel Webster Wilborn ("Plaintiff") moves the Court for entry of judgment in his favor against the County of Lee, Alabama, Lee County Sheriff's Department, Lee County Sheriff Jay M. Jones, Sergeant David C. Mayo in his Official and Individual Capacity, and Deputy Terrance Moore in his Official and Individual Capacity ("Defendants").

2. This is a civil action under 42 U.S.C § 1983 and 42 U.S.C § 1986, seeking damages against Defendants for committing acts, under color of law, with

the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff and, in support of such Complaint, Plaintiff avers as follows:

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this cause of action arises under 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and the Fifth Amendment of the United States Constitution.

4. Venue is proper in this District under 28 U.S.C. § 1391 because the Plaintiff lives in this District and the actions that gave rise to this action arose in this jurisdiction.

## PARTIES

5. Plaintiff, Daniel Webster Wilborn, is an adult resident of Lee County Alabama over the age of 19.

6. Defendant, County of Lee, Alabama, established December 5, 1866, is a County in the State of Alabama.

7. Defendant, Lee County Sheriff's Department, located in Opelika, Alabama, is a full service law enforcement agency serving Lee County, Alabama.

8. Defendant, Jay M. Jones, is the Sheriff of Lee County, Alabama.

9. Defendant, Sergeant David C. Mayo, is employed as a Sergeant with the Lee County Sheriff's Department.

10. Defendant, Deputy Terrance Moore, is employed as a Deputy with the Lee County Sheriff's Department.

## FACTS

11. Plaintiff, at all times mentioned herein, has and presently resided at 10464 Alabama Highway 51, Opelika, Alabama 36804.

12. On or about July 7, 2016, Defendants responded to a "domestic call" between the hours of 9:00 P.M. and 11:30 P.M. and were dispatched to the home of Darius Lashaun Wilborn ("Shaun") at 10371 Alabama Highway 51, Opelika, Alabama 36804.

13. Plaintiff and Darius Lashaun Wilborn are related and live next door to each other.

14. Shaun's mother, Virginia Dare Wilburn ("Virginia"), also resides with Shaun at 10371 Alabama Highway 51, Opelika, Alabama 36804.

15. Virginia is an elderly woman who spends most of her time in bed or in a wheelchair and is unable to sufficiently care for herself.

16. On or about July 7, 2016, Shaun began acting violently towards Virginia by cursing at her, confiscating all of the phones in the house, breaking glass, and hitting himself in the head with objects.

17. Virginia was able to call for emergency help via a "silent alarm" on her keychain.

18. Defendant's Mayo and Moore responded to the scene and were allowed entry into the home by Shaun where Defendants observed a "fresh cut" on Shaun' forehead, as well as two other "small cuts" on the "top rear" of Shaun' head. (See Exhibit "A" Police Incident Report).

19. When asked about the cuts to his head, Shaun stated that he had been "working in his garage, fell, and cut his head", in which, as stated in the police report, Defendant Mayo "knew there was no logical way that was true" when Shaun showed Mayo where the fall allegedly happened. (See Exhibit "A" Police Incident Report)

20. Defendant Deputy Moore spoke with Virginia and instructed her that a report would be done regarding the acts of violence, but that Shaun would not be arrested.

21. A family friend, Josephine, arrived at the home to aid Virginia and asked Defendant Mayo to take Shaun into custody, but was instructed by Mayo that there was "not probable cause to arrest Shaun and he would not go voluntarily to a hospital."

22. Virginia did not feel safe in the home and because Defendants would not make Shaun leave, Virginia decided she had no alternative but to leave the

home and go to Josephine's house at

23. Plaintiff then arrived at the home to assist and asked that Shaun be arrested for the violence towards Virginia.

24. Defendant again explained to Plaintiff that no warrants had been signed and there was not probable cause for an arrest.

25. Plaintiff called an ambulance to the home in an effort to have Shaun taken for a mental evaluation, but the ambulance did not come to the scene due to Defendant Mayo cancelling it.

26. Defendant Mayo again told Plaintiff that Shaun refused to go voluntarily and there was not sufficient probable cause to arrest Shaun for domestic violence or to compel a mental pickup order.

27. The police report also states that Plaintiff and Shaun "do not get along" and Defendant Mayo tried very hard to keep the peace between the two but that Shaun was "agitated". (See Exhibit "A" Police Incident Report)

28. Defendants Mayo and Moore then left the scene, Virginia aided by Josephine and the Plaintiff left her home to go to Josephine's home, and Shaun was permitted to stay at his home.

29. Plaintiff transported Virginia to Josephine's house.

30. Plaintiff returned to his residence where he observed from his driveway the front door standing open and all of the lights on.

31. Shaun came running out of Plaintiff's residence and viciously attacked Plaintiff in his the driveway. Plaintiff was severely beaten, including having part of his finger bitten off by Shaun.

32. Plaintiff was able to call 911 and Defendants were dispatched back to the scene, where they noted the partial biting off of Plaintiff's middle finger on his left hand below the first joint, as well as a large knot on Plaintiff's head, bloody nose and upper lip, and covered in dirt from an obvious fight on the ground.

33. Defendant Mayo began to search for Shaun and went to Shaun's home where Mayo retrieved a hidden key to the residence which he knew of.

34. After repeated attempts to get Shaun to come to the door, and after it was ascertained that no firearms were in the residence, Defendant Mayo unlocked the door and made entry along with other deputies that had arrived on the scene to assist.

35. Shaun was found hiding in Virginia's bedroom closet and was arrested, where it is noted in the police report that Shaun had blood around his mouth, blood splatter on his hands and wrist watch, and was only wearing boxer shorts. (See Exhibit "A" Police Incident Report)

## COUNT I
## DEPRIVATION OF CONSTITUTIONAL RIGHT TO DUE PROCESS
## PURSUANT TO 42 U.S.C. § 1983

36. By their conduct, as described herein, and acting under color of state

law to deprive the Plaintiff of his right to life, liberty, or property, without due process of law under the Fifth and Fourteenth Amendments, the individual Defendants are liable for violations of 42 U.S. Code § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

37.   By and through the actions and/or failure to act, as Officers of the Lee County Sheriff's Department, under color of state law, Sergeant Mayo and Deputy Moore deprived Plaintiff of his constitutional right to bodily integrity and to be free from unauthorized and unlawful physical abuse.

38.   Defendants, in defiance of policies and procedures of the Lee County Sheriff's Department, refused to arrest or detain Darius Lashaun Wilborn ("Shaun"); disregarding Shaun's multiple violations of the Laws of the United States and of the State of Alabama.

39.   Defendants Sergeant Mayo and Deputy Moore willfully and knowingly allowed Shaun to remain at the scene of a domestic violence call, cancelled an ambulance, and stated to the Plaintiff and others that there was not sufficient probable cause to arrest Shaun for domestic violence or likely to compel a mental pick up order, despite obvious evidence and facts to the contrary presented to the Defendants, including, but not limited to, Shaun bleeding from open wounds on his head, lying about how he received his injuries, broken glass in

the home, Shaun's confiscation of all of the telephones in the home preventing Virginia, his elderly mother, from calling for emergency help, and separating Shaun from the Plaintiff after Shaun displayed agitated, violent actions toward the Plaintiff.

40. At the time of the events described herein, Defendants had subjective and personal knowledge of Shaun's previous violent aggressive behavior, the proximity of Plaintiff's residence to the scene, and Shaun's aggressive behavior toward the Plaintiff.

41. Defendants willfully and knowingly disregarded the extreme and foreseeable risk of danger posed to the Plaintiff, causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

## COUNT II
## DEPRIVATION OF CONSTITUTIONAL RIGHT SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

42. The Fourteenth Amendment to the United States Constitutions provides that: "No State….shall….deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

43. By and through the actions and/or failure to act, as Officers of the Lee

County Sheriff's Department, under color of state law, Sergeant Mayo and Deputy Moore deprived Plaintiff of Equal Protection of the law and his constitutional right to bodily integrity and to be free from unauthorized and unlawful physical abuse.

44. Defendants Sergeant Mayo and Deputy Moore willfully and knowingly allowed Shaun to remain at the scene of a domestic violence call, cancelled an ambulance, and stated to the Plaintiff and others that there was not sufficient probable cause to arrest Shaun for domestic violence or likely to compel a mental pick up order, despite obvious evidence and facts to the contrary presented to the Defendants, including, but not limited to, Shaun bleeding from open wounds on his head, lying about how he received his injuries, broken glass in the home, Shaun's confiscation of all of the telephones in the home preventing Virginia, his elderly mother, from calling for emergency help, and separating Shaun from the Plaintiff after Shaun displayed agitated, violent actions toward the Plaintiff.

45. Defendants Sergeant Mayo and Deputy Moore knowingly and intentionally disregarded the extreme and foreseeable risk of danger to Plaintiff because he is a black male, causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

46. Other similarly situated white citizens are afforded more protections from dangerous domestic abuse situations and there is no rational basis for the

difference in treatment.

## COUNT III
## FAILURE TO ADEQUATELY TRAIN, SUPERVISE, OR CONTROL INDIVIDUAL PEACE OFFICERS WHO VIOLATED PLAINTIFF'S CIVIL RIGHT PURSUANT TO 42 U.S.C. § 1983

47. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to life, liberty, or property, without due process of law under the Fifth and Fourteenth Amendments, Defendants County of Lee, Lee County Sheriff Jay M. Jones, Lee County Sheriff's Department, and Sergeant Mayo are liable for violations of 42 U.S. Code § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

48. Defendants County of Lee, Lee County Sheriff Jay M. Jones, Lee County Sheriff's Department, and Sergeant Mayo are all supervisory officials in and of the Lee County Sheriff's Department.

49. Defendants County of Lee, Lee County Sheriff Jay M. Jones, Lee County Sheriff's Department, and Sergeant Mayo do not have adequate procedures and training policies in place to train officers about how to deal with mentally handicapped persons and a reasonable person in the supervisor's position would know that his failure to train and supervise reflected deliberate indifference.

50. Defendants County of Lee, Lee County Sheriff Jay M. Jones, Lee County Sheriff's Department, and Sergeant Mayo intentionally and knowingly

engaged in conduct amounting to a deliberate indifference of an extreme and foreseeable risk of harm posed to Plaintiff, causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

## COUNT IV
## CONSIPIRING AND/OR FAILURE TO PREVENT DEPRIVATION OF DUE PROCESS AND EQUAL PROTECTION RIGHTS PURSUANT TO 42 U.S.C.A. § 1986

51. By their conduct, as described herein, and acting under color of state law, having knowledge that wrongs and actions to deprive the Plaintiff of his right to life, liberty, or property, without due process of law under the Fifth and Fourteenth Amendments and Plaintiff's right to Equal Protection of the law under the Fourteenth Amendment, Defendants County of Lee, Lee County Sheriff Jay M. Jones, Lee County Sheriff's Department, Sergeant Mayo, and Deputy Terrance Moore are liable for violations of 42 U.S. Code § 1986 which imposes liability "on persons having knowledge that any of the wrongs conspired to be done...., are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do"

52. Defendants conspired to deny Plaintiff equal protection of the laws when they arrived to the scene of the domestic violence call and, through their affirmative acts of cancelling the ambulance, constructively forcing Virginia Wilborn to leave the premises, and allowing Shaun to remain at the residence,

thereby causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

53.     Plaintiff is a black male and the Defendants' actions in the conspiracy were motivated by racially discriminatory animus towards the Plaintiff.

54.     Defendants willfully and knowingly disregarded the extreme and foreseeable risk of danger Shaun posed to the Plaintiff, causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

## COUNT V
## WANTONNESS

55.     Defendants are liable to Plaintiff for Wantonness for their actions amounting to a conscious and intentional reckless indifference, through the knowledge of existing conditions, that injury was substantially likely to result from their conduct.

56.     Defendants refused to arrest Shaun, or have him taken into custody for a mental evaluation, in spite of the facts presented to them.

57.     Defendants Sergeant Mayo and Deputy Moore willfully and knowingly allowed Shaun to remain at the scene of a domestic violence call, cancelled an ambulance, and stated to the Plaintiff and others that there was not sufficient probable cause to arrest Shaun for domestic violence or likely to compel a mental pick up order, despite obvious evidence and facts to the contrary

presented to the Defendants, including, but not limited to, Shaun bleeding from open wounds on his head, lying about how he received his injuries, broken glass in the home, Shaun's confiscation of all of the telephones in the home preventing Virginia, his elderly mother, from calling for emergency help, and separating Shaun from the Plaintiff after Shaun displayed agitated, violent actions toward the Plaintiff.

58.   At the time of the events described herein, Defendants had subjective and personal knowledge of Shaun's previous violent aggressive behavior, the proximity of Plaintiff's residence to the scene, and Shaun's aggressive behavior toward the Plaintiff.

59.   Defendants willfully and knowingly disregarded the extreme and foreseeable risk of danger Shaun posed to the Plaintiff, causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

## COUNT VI
## GROSS NEGLIGENCE

60.   Defendants are liable to Plaintiff for Gross Negligence for their actions amounting to a want of slight care, through the knowledge of existing conditions, that injury would likely result from their conduct.

61.   Defendants refused to arrest Shaun, or have him taken into custody for a mental evaluation, in spite of the facts presented to them.

62. Defendants Sergeant Mayo and Deputy Moore willfully and knowingly allowed Shaun to remain at the scene of a domestic violence call, cancelled an ambulance, and stated to the Plaintiff and others that there was not sufficient probable cause to arrest Shaun for domestic violence or likely to compel a mental pick up order, despite obvious evidence and facts to the contrary presented to the Defendants, including, but not limited to, Shaun bleeding from open wounds on his head, lying about how he received his injuries, broken glass in the home, Shaun's confiscation of all of the telephones in the home preventing Virginia, his elderly mother, from calling for emergency help, and separating Shaun from the Plaintiff after Shaun displayed agitated, violent actions toward the Plaintiff.

63. At the time of the events described herein, Defendants had subjective and personal knowledge of Shaun's previous violent aggressive behavior, the proximity of Plaintiff's residence to the scene, and Shaun's aggressive behavior toward the Plaintiff.

64. Defendants willfully and knowingly disregarded the extreme and foreseeable risk of danger Shaun posed to the Plaintiff, causing Plaintiff to suffer severe physical harm, severe mental and emotional distress, and permanent disfigurement and scarring.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully asks that this Court:

65. Enter a preliminary and thereafter a permanent injunction enjoining the portions of the Act that violate the rights of Plaintiff.

66. Declare that the Act violates the Ex Post Facto Clause; the procedural component of the Due Process Clause; the substantive component of the Due Process Clause; the Eighth Amendment; and the Fourteenth Amendment of the Constitution of the United States.

67. Enter judgment in favor of the Plaintiff.

68. Award Plaintiff the costs of this lawsuit and reasonable attorneys' fees.

69. Order such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Morro

Scott Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
(205) 631-6301 (office)
morrolawcenter@bellsouth.net

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL