# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DANIEL WEBSTER WILBORN,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-430-WKW-DAB |
| **LEE COUNTY, ALABAMA, et al.,** | ) |
| Defendants. | ) |

## CORRECTED REPORT AND RECOMMENDATION

Daniel Webster Wilborn sustained injuries at the hands of his next-door relative Darius Lashaun Wilborn ("Shaun") arising from a domestic disturbance, and Plaintiff brought this action against Sheriff Jay M. Jones and Sergeant David C. Mayo (collectively, "Defendants") in their individual and official capacities.[1] (Doc. 1). This matter is before the court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 13). The motion is fully briefed and the arguments are taken under submission on the record following oral argument. Defendants' Motion to stay discovery (Doc. No. 21) is **GRANTED**, pending disposition of this Report and Recommendation.

**I.    JURISDICTION**

---

[1] Defendants Lee County and Lee County Sheriff's Department have both been dismissed. (Doc. 28). Deputy Terrance Moore was named in the Complaint but never served in this matter.

1

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action, and the court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. On July 18, 2017, this matter was referred to the undersigned by U.S. Chief District Judge W. Keith Watkins for disposition or recommendation on all pretrial matters. (Doc. 51). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.   BACKGROUND AND STATEMENT OF FACTS[2]

Plaintiff and Shaun are relatives and lived next door to one another. (Doc. 1 at ¶ 13). On July 7, 2016, Defendant Mayo and Moore responded to a "domestic call" at Shaun's residence that he shared with his elderly mother Virginia. (Doc. 1 at ¶¶ 14-15). Virginia had activated a silent alarm after Shaun began to act violently towards himself and to collect all the telephones in the residence. (Doc. 1 at ¶¶ 16-17). Mayo observed that Shaun had fresh wounds on his head. (Doc. 1 at ¶ 19). Moore informed Virginia that he would file a report but that he did not have probable cause to arrest Shaun. (Doc. 1 at ¶ 20-21). Virginia left the residence with another

---

[2] These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Amended Complaint.

family member. (Doc. 1 at ¶ 22). Mayo filed an Alabama Uniform Incident/Offense Report arising from these events ("the Report"). (Doc. 1-1). In the Report, Mayo noted that Shaun stated that he was taking his medications, that he refused to go to the hospital, and assured Mayo "that he was going to his room at the other end of the house and there would be no problems." (Doc. 1-1 at 4).

Plaintiff then arrived at Shaun's residence after Virginia had left and requested that officers arrest Shaun, which they declined to do. (Doc. 1 at ¶¶23-24). Plaintiff attempted to summons an ambulance to the residence to collect Shaun for a mental evaluation, but Defendant Mayo cancelled that request because Shaun refused to leave the residence voluntarily. (Doc. 1 at ¶¶ 25-26). The Report stated that Shaun and Plaintiff "do not get along" and that Mayo tried to keep the peace between them "but Shaun was agitated." (Doc. 1-1 at 4). The Report further stated that Mayo explained to Plaintiff that Shaun refused to leave voluntarily and insisted that he was not a danger to himself or others. *Id*. The Report further stated that "there was not sufficient probable cause to arrest [Plaintiff] for domestic violence or likely compel a mental pickup order…" *Id.*

Mayo filed an Alabama Uniform Incident/Offense Report arising from these events ("the Report"). (Doc. 1-1). In the Report, Mayo noted that before leaving Shaun's residence, Shaun stated that he was taking his medications, that he refused to go to the hospital, and assured Mayo "that he was going to his room at the other

end of the house and there would be no problems." (Doc. 1-1 at 4). After Defendant Mayo and Moore left Shaun's residence, Plaintiff returned to his residence. (Doc. 1 at ¶¶ 28-30). Plaintiff alleges that while he was standing in his driveway observing Shaun's residence, "Shaun came running out of Plaintiff's residence and viciously attacked Plaintiff his driveway. Plaintiff was severely beaten, including having part of his finger bitten off by Shaun." (Doc. 1 at ¶ 31).

On July 6, 2017, Plaintiff filed his Complaint in this Court alleging six counts:

**Count I** – Due Process Violation Pursuant to 42 U.S.C. § 1983, for "willfully and knowingly allowed Shaun to remain at the scene of a domestic violence call…" (Doc. 1 at ¶ 39).

**Count II** – Equal Protection Violation Pursuant to 42 U.S.C. § 1983, for for "willfully and knowingly allowed Shaun to remain at the scene of a domestic violence call…" (Doc. 1 at ¶ 44).

**Count III** - Due Process Violation Pursuant to 42 U.S.C. § 1983, against Sheriff Jones for "failure to adequately train, supervise, or control individual peace officers." (Doc. 1 at ¶¶ 47-50).

**Count IV** – Conspiracy and/or Failure to Prevent Due Process Violation Pursuant to 42 U.S.C. § 1986, for willfully and knowingly disregarding extreme and foreseeable risks of the danger Shaun posed to Plaintiff based on "racially discriminatory animus." (Doc. 1 at ¶¶ 51-54).

**Count V** – Wantonness pursuant to Alabama State law. (Doc. 1 at ¶¶ 55-59).

**Count VI** – Gross Negligence pursuant to Alabama State law. (Doc. 1 at ¶¶ 60-64).

## III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

### IV. DISCUSSION

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed

6

by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988)." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). The Supreme Court has has refused to recognize a substantive due process right to governmental aid or protection, except in a few limited circumstances, even when governmental aid is necessary to protect liberty or property interests from private interference. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201-02 (1989). The Supreme Court also has considered whether a party may assert a claim for deprivation of procedural due process, based upon a state's failure to protect liberty or property interests. *Town of Castle Rock,* 545 U.S. at 750–51. In *Castle Rock*, the Supreme Court looked to relevant state law to determine whether that law established a property or liberty interest in governmental aid or assistance and held, in that case, that no such interest existed. *Id.* at 768 ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."). Specifically, the Supreme Court stated that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* at 756.

Accordingly, the relevant inquiry is whether Alabama law guarantees citizens a property interest in police assistance to arrest or take mentally ill persons into custody to prevent potential crimes. Plaintiff argues that Defendants should have

7

arrested Shaun for a number of crimes, but offers no authority for the proposition that Defendants were required to arrest Shaun for any of the alleged crimes. (Doc. 23 at 2, 5). As to criminal arrest, "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.' *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767, 125 S. Ct. 2796, 2809, 162 L. Ed. 2d 658 (2005). The wide latitude afforded government officials in deciding whether and how to enforce public safety laws recognized in *Castle Rock* controls here. Police officers and other enforcement officials simply could not function if every decision not to make an arrest or other custodial action were subject to judicial review and second guessing.

Further, Alabama state law provides that "[g]enerally, arrests and attempted arrests are classified as discretionary functions. *Telfare v. City of Huntsville,* 841 So.2d 1222 (Ala.2002)." *Borders v. City of Huntsville*, 875 So. 2d 1168, 1178 (Ala. 2003). Plaintiff offers neither facts nor legal authority in support of his claim that Defendants should have placed Shaun under criminal arrest or that Defendants lacked the discretion not to arrest Shaun.

Alabama law provides that:

When a law enforcement officer is confronted by circumstances and has reasonable cause for believing that a person within the county is mentally ill and also believes that the person is likely to be of immediate danger to self or others, the law enforcement officer shall contact a

> community mental health officer. The community mental health officer shall join the law enforcement officer at the scene and location of the person to assess conditions and determine if the person needs the attention, specialized care, and services of a designated mental health facility.

Ala. Code § 22-52-91. Based on this statute, Plaintiff argues that "it is clear that Defendants were aware that Shaun's mental health required evaluation by a community health officer, but they did not remain on the scene until a community health officer could arrive to assess Shaun despite the overwhelming evidence that Shaun was a danger to himself and others." (Doc. 23 at 4). However, a plain reading of § 22-52-91 clearly states that "the law enforcement officer shall contact a community mental health officer" only if the law enforcement officer "believes that the person is likely to be of immediate danger to self or others…" *Id.* Therefore, Alabama law does not require law enforcement officers to take all mentally ill persons into custody or remain at a given location when the officer does not believe the person to be a danger to himself or other. In this case, Mayo specifically stated that "There was not sufficient probable cause to arrest [Shaun] for domestic violence or likely compel a mental pickup order." Although Mayo did have contact with "an East Alabama Mental Health Case Worker," further plain reading of § 22-52-91 indicates that the intended beneficiary of that contact and evaluation is the allegedly mentally ill person. A benefit "is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock,* 545 U.S. at 756, 125

S.Ct. at 2803. There is no question that § 22-52-91 places the decision to contact a mental health officer under the discretionary "belief" of the attending officer. Moreover, even if the Court were to accept Plaintiff's reading of § 22-52-91, Plaintiff lacks a cognizable property interest under Alabama law to have the Defendants detain Shaun. Because Plaintiff does not have a constitutionally protected property or liberty interest at stake, he has failed to state a due process claim under 42 U.S.C. § 1983. *Holmes,* 418 F.3d at 1258. Accordingly, Plaintiff's Complaint is due to be dismissed with prejudice for failure to state a claim for which relief could be granted.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **January 3, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

V. **CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' motion to dismiss the Complaint against them (Doc. 13) is due to be **GRANTED** without prejudice.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **January 2, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED and RESPECTFULLY RECOMMENDED** this 18th day of December 2017.

                                                                   /s/ David A. Baker
                                                                   DAVID A. BAKER
                                                                   UNITED STATES MAGISTRATE JUDGE